## INLAND WATERWAYS CORPORATION v. ATLANTIC COAST LINE R. CO.
### Civ. A. No. 22.

District Court, E. D. Virginia.
Nov. 8, 1939.

Walter, Burchmore & Belnap, of Chicago, Ill., and John J. Wicker, Jr., of Richmond, Va. (Nuel D. Belnap, of Chicago, Ill., on the brief), for plaintiff.

J. M. Townsend, of Petersburg, Va., and Richard B. Gwathmey, of Wilmington, N. C., for defendant.

POLLARD, District Judge.

This is a suit instituted by the plaintiff against the defendant pursuant to the Interstate Commerce Act, 49 U.S.C.A. § 15, par. (9).

The undisputed facts are as follows:

1. Plaintiff, Inland Waterways Corporation, is a corporation created by Act of the Congress of the United States, operating a common carrier barge line known as Federal Barge Lines between numerous points on the Mississippi River and certain other navigable waters of the United States, including in such operation common carrier barge line service between Vicksburg, Mississippi, and St. Louis, Missouri, and engaged in the transportation thereover of property in interstate carriage partly by railroad and partly by water under an arrangement with railroad carriers for continuous carriage.

2. The defendant, Atlantic Coast Line Railroad Company, is a common carrier for hire by railroad, incorporated under the laws of the State of Virginia, and engaged in the transportation of interstate commerce partly by railroad and partly by water under an arrangement with the plaintiff for continuous carriage.

3. On November 2, 1936, the defendant received from Dothan Oil Mill Co., at Dothan, Alabama, a shipment consisting of 240 packages of SX No. 1 shelled runner peanuts weighing 30,000 pounds, in Car L. V. 78068 with directions to transport said shipment for transportation to St. Louis, Missouri, over a through route composed of the line of defendant and connecting railway carriers to Vicksburg, Mississippi, and the barge line of the plaintiff from Vicksburg to St. Louis, Missouri, said through route having been designated in writing by the shipper; and said defendant issued its bill of lading covering said shipment showing it to be consigned to the order of Dothan Oil Mill Co., notify Blanke Baer Extract & Preserve Co., at St. Louis, Missouri, with route specified therein as aforesaid.

4. On and prior to November 2, 1936, the plaintiff and the defendant joined with connecting rail carriers, including, among others, the Atlantic Coast Line Railroad Company, the Western Railway of Alabama, the Southern Railway Company, and the Yazoo and Mississippi Valley Railroad Company, in publishing and maintaining, in a tariff filed with the Interstate Commerce Commission pursuant to the provisions of Section 6 of the Interstate Commerce Act, 49 U.S.C.A. § 6, a joint rate of 56.5 cents, plus an emergency charge of 3 cents per hundred pounds, on shelled peanuts, in carloads, from Dothan, Alabama, to St. Louis, Missouri, applicable over a through route composed of various connecting rail carriers to Vicksburg, Mississippi, and thence the barge line of the plaintiff to St. Louis, Missouri, one set of lines joining in such a through route consisting of the line of the defendant railroad from Dothan, Alabama, to Montgomery, Alabama, thence the line of the Western Railway of Alabama to Selma, Alabama, thence the line of the Southern Railway Company to Meridian, Mississippi, thence the Yazoo and Mississippi Valley Railroad Company to Vicksburg, Mississippi, and thence the barge line of the plaintiff to St. Louis, Missouri.

5. On November 2, 1936, and thereafter, there was in effect between the plaintiff, the defendant, and the various lines of railroad named in the immediately preceding paragraph, an arrangement for the continuous carriage of property in interstate commerce under the joint rate and via the through route described in said paragraph.

6. If the defendant had caused the above described shipment to be transported over the route designated by the shipper, the through charges accruing on said shipment would have amounted to $178.50, and pursuant to an agreement as to division theretofore entered into between the plaintiff, the defendant, and the lines of railroad above mentioned, the plaintiff would have been entitled to receive as its compensation for transporting said shipment from Vicksburg, Mississippi, to St. Louis, Missouri, 48 per cent thereof, or $85.68.

7. The defendant did not cause the shipment to be transported over the route designated by the shipper but, on the contrary, caused said shipment to be diverted therefrom, in that it delivered said shipment to the Mobile & Ohio Railroad Company at Montgomery, Alabama, under routing instructions reading "ACL-Mont.-M & O", and said shipment was transported by the said Mobile & Ohio Railroad Company via its route from Montgomery, Alabama, to St. Louis, Missouri.

8. On January 8, 1937, the plaintiff demanded that the defendant pay to it the charge which it would have received had it participated in the haul of the above described shipment, but the defendant declined and continues to decline to pay such charge to the plaintiff.

The sole question for determination by the Court is whether Section 15, par. (9), of 49 U.S.C.A., applies to the plaintiff and confers upon it the right to recover from the defendant the amount claimed.

Section 15, par. (9), is as follows:

*"Liability of carriers where property is delivered contrary to routing instructions.* Whenever property is diverted or delivered by one carrier to another carrier contrary to routing instructions in the bill of lading, unless such diversion or delivery is in compliance with a lawful order, rule, or regulation of the commission, such carriers shall, in a suit or action in any court of competent jurisdiction, be jointly and severally liable to the carrier thus deprived of its right to participate in the haul of the property, for the total amount of the rate or charge it would have received had it participated in the haul of the property. The carrier to which the property is thus diverted shall not be liable in such suit or action if it can show, the burden of proof being upon it, that before carrying the property it had no notice, by bill of lading, waybill or otherwise, of the routing

instructions. In any judgment which may be rendered the plaintiff shall be allowed to recover against the defendant a reasonable attorney's fee to be taxed in the case."

It is the contention of the defendant that said par. (9) of Section 15 and par. (8) of Section 15 are in pari materia and apply only to carriers by railroad.

Section 15, par. (8), is as follows:

"*Shipper's choice of route to be observed.* In all cases where at the time of delivery of property to any railroad corporation being a common carrier for transportation subject to the provisions of this chapter to any point of destination, between which and the point of such delivery for shipment two or more through routes and through rates shall have been established as in this chapter provided to which through routes and through rates such carrier is a party, the person, firm, or corporation making such shipment, subject to such reasonable exceptions and regulations as the Interstate Commerce Commission shall from time to time prescribe, shall have the right to designate in writing by which of such through routes such property shall be transported to destination, and it shall thereupon be the duty of the initial carrier to route said property and issue a through bill of lading therefor as so directed, and to transport said property over its own line or lines and deliver the same to a connecting line or lines according to such through route, and it shall be the duty of each of said connecting carriers to receive said property and transport it over the said line or lines and deliver the same to the next succeeding carrier or consignee according to the routing instructions in said bill of lading: Provided, however, That the shipper shall in all instances have the right to determine, where competing lines of railroad constitute portions of a through line or route, over which of said competing lines so constituting a portion of said through line or route his freight shall be transported."

The plaintiff concedes that par. (8) of Section 15 applies only to railroads, but contends that par. (9) of said Section is not confined to railroads and that the plaintiff comes within the provisions of said par. (9) by reason of Section 1(1) (a), Section 1(2) and Section 1(3), 49 U.S.C.A.

That the contention of the defendant is the correct interpretation of the law admits of no serious doubt.

The language employed in par. (8) was added to the original Interstate Commerce Act of February 4, 1887, by Act of June 18, 1910, and it was given the number "(8)" by the Transportation Act of February 28, 1920. Par. (9) was added to Section 15 of the original Interstate Commerce Act by the Transportation Act of February 28 1920, and was given the number "(9)" in said last mentioned Act.

■ The Congressional debates incident to the passage of par. (9) show that it was inserted in the Transportation Act for the purpose of penalizing the non-observance of par. (8), which had been the law for ten years, and that it was designed primarily to protect short lines from the diversion of traffic by trunk lines. (Congressional Record, Volume 58, page 5317, and also Volume 59, page 143.) It is clear that the Congress had in mind in enacting par. (9) the same carriers which are referred to in par. (8), which only applies to carriers by railroad. Such intention is shown by designating the provision as par. (9) and its insertion immediately after par. (8). Had Congress intended par. (9) to include carriers other than railroads, it would have used the expression "common carriers subject to the provisions of this part", as was done in other paragraphs in the Transportation Act. Both paragraphs relate to the same subject and have the same general object, although enacted at different times and make no reference one to the other. Under such circumstances they are to be considered in pari materia and construed as a single statute.

■ The Court finds as the facts the statements made herein in paragraphs numbered 1 to 8, both inclusive, and states as its conclusion of law thereon that Section 15, par. (9), 49 U.S.C.A., applies only to carriers by railroad, and that no cause of action arises thereunder to the plaintiff against the defendant.